In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2680

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DWIGHT E. JACKSON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 86 CR 426 — **John Z. Lee**, *Judge.*

———————————

ARGUED FEBRUARY 25, 2021 — DECIDED MARCH 23, 2021

———————————

Before EASTERBROOK, WOOD, and KIRSCH, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Dwight Jackson made a ca-
reer of armed bank robbery. Thirty minutes after being re-
leased from prison for two of his robberies, Jackson com-
mitted another. The district judge who sentenced Jackson
concluded that nothing short of life imprisonment without
the possibility of parole would bring his criminality to a
close. We held on appeal that the judge was entitled to reach

this conclusion. *United States v. Jackson*, 835 F.2d 1195 (7th Cir. 1987).

In May 1986, when he committed his final bank robbery, Jackson was 35. Today he is 70 and seeks compassionate release under 18 U.S.C. §3582(c)(1). This law provides that "in any case" a district court may release a prisoner, on the prisoner's own request (after exhausting administrative remedies) when "extraordinary and compelling reasons" justify release. See 18 U.S.C. §3582(c)(1)(A)(i); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020). Jackson contends that he suffers from hypertension and chronic obstructive pulmonary disease, which create extra risk for someone housed in close quarters during the SARS-CoV-2 pandemic. The Bureau of Prisons disagreed with Jackson and rejected his request—as did a district judge, on the ground that Jackson is not covered by §3582. The reference to "any case" gives §3582(c)(1) a broad sweep, but, if something else makes it irrelevant to Jackson, the breadth of its language does not matter.

The "something else" to which the district judge pointed is the fact that Jackson committed his crime before November 1, 1987, the date on which the Sentencing Reform Act of 1984 took effect. Section 3582 was added to the Criminal Code (i.e., Title 18) by the 1984 Act, which contains a transition provision. As amended in 1987, this transition rule provides that its provisions "shall apply only to offenses committed after the taking effect of this chapter." Pub. L. No. 100-182, 101 Stat. 1266 §2, 18 U.S.C. §3551 note. People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a sys-

tem of parole. The Parole Commission could release prisoners who faced medical problems and were eligible for parole. And a judge could reduce a prisoner's "minimum term", but only on motion of the Director of the Bureau of Prisons. 18 U.S.C. §4205(g) (repealed by the Sentencing Reform Act yet still applicable to crimes committed before November 1, 1987). Given his no-parole sentence, which lacks a minimum term of years, Jackson retains only the possibility of commutation by the President.

Jackson acknowledges that, until recently, §3582 would not have applied to him even if the Director of the Bureau of Prisons believed that he should be released. Before the First Step Act of 2018, only a motion by the Director could authorize release under §3582(c)(1). The 2018 Act changed that by permitting prisoners to seek their own release. And since the subsection establishing that possibility covers "any case", Jackson insists that it must apply to people whose crimes predate November 1, 1987. What other function could "in any case" serve?

One problem for Jackson is that "in any case" has been part of §3582(c)(1) since its enactment in 1984 by the Sentencing Reform Act—which technically was Chapter II of Title II of the Comprehensive Crime Control Act, Pub. L. No. 98-473, 98 Stat. 1837 (Oct. 12, 1984). If "in any case" had been added to §3582 in 2018, perhaps it would be best to understand the First Step Act as repealing the old §3582 and enacting a new version. A "new" §3582 would be free of the grip of the transition language. But Jackson does not contend that the 2018 Act swept away the old §3582 and brought in a new one. Nor would such an argument be tenable. The First Step Act provides that §3582(c)(1)(A) is being amended, not that

§3582 as a whole is being repealed and a new statute with the same section number enacted. See Pub. L. No. 115-391, 132 Stat. 5194, 5239, §603(b)(1) (Dec. 21, 2018).

Doubtless the Congress that enacted the 2018 Act wanted to make compassionate release easier. But it did not modify the transition language from 1984 and 1987. Jackson tells us that the phrase "this chapter" in the transition clause means the chapter of the Comprehensive Crime Control Act rather than the chapter of the United States Code in which §3582 now resides (Chapter 227 of Title 18). That seems to us the best reading of the language from 1984, as modified in 1987. Yet this does not help Jackson. What is now §3582 was part of Title II, Chapter II of the 1984 legislation.

Jackson has a final line of argument. One provision of the 2018 Act contains its own transition clause: §102(b)(3), which applies to an amendment to 18 U.S.C. §3624(g) made elsewhere in the 2018 Act, reads: "The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987." As Jackson sees things, by reiterating in §102(b)(3) that §3624—which like §3582 was part of the Sentencing Reform Act—does not apply to people whose crimes predate November 1, 1987, the 2018 Act made all of its other changes universally applicable. That's a non-sequitur. The "except" clause in §102(b)(3) is necessary to prevent the preceding language—which declares that the changes to §3624(g) are fully retroactive—from reaching beyond the scope of §3624(g) itself, which does not apply to older offenses.

Section 3624 has been the subject of multiple changes since 1984. The amendment history accompanying this section in Title 18 shows that transition language has been a routine part of these amendments, so that each change applies to the proper set of cases. The inclusion of transition language in §102(b)(3) of the 2018 Act is of a kind with these earlier provisions. Nothing in any of them implies that some *other* part of the Sentencing Reform Act has suddenly become applicable to older crimes.

Only one other circuit has considered whether the 2018 Act makes old-law prisoners eligible for release under §3582(c)(1). It has held that the 2018 Act does not have this effect. *United States v. Matta-Ballesteros*, 2021 U.S. App. LEXIS 4108 (9th Cir. Feb. 12, 2021) (nonprecedential decision). For the reasons we have given, we agree with the Ninth Circuit that §3582 remains inapplicable to old-law prisoners. This means that the judgment must be

AFFIRMED.